Argued and submitted October 19, 1981, affirmed
April 26, reconsideration denied June 10,
petition for review denied July 13, 1982 (293 Or 373)

McDONALD et al,
*Appellants,*
*v.*
McDONALD,
*Respondent.*

(No. A8007-03773, CA A21034)

643 P2d 1280

Dana R. Taylor, Portland, argued the cause and filed the briefs for appellant.

Robert A. Bennett, Portland, argued the cause for respondent. With him on the brief was Willner, Bennett, Bobbitt & Hartman, Portland.

Before Joseph, Chief Judge, and Warden and Warren, Judges.

JOSEPH, C. J.

### JOSEPH, C. J.

Plaintiffs, the children of their deceased father's first marriage, seek to impose a constructive trust on life insurance proceeds held by defendant, father's second wife. They contend that father breached a property settlement agreement in which he had promised to maintain a life insurance policy for their benefit and that they are therefore entitled to the proceeds of a policy on which he had named defendant as beneficiary. The trial court granted summary judgment in defendant's favor. We affirm.

In anticipation of their divorce, father and his first wife entered into a property settlement agreement in which he agreed to maintain a $10,000 insurance policy on his life for the benefit of the minor children of the marriage.[1] The agreement was incorporated by reference in the divorce decree dated June 7, 1967.[2] At that time, father owned a life insurance policy, in the face amount of $10,000, which designated plaintiffs as beneficiaries. However, at some time it lapsed and was not renewed.[3] The decree also provided, among other things, that father make child support payments of $75 per child per month. He and defendant were married September 30, 1967. He thereafter acquired five other life insurance policies and named defendant as beneficiary on each. He became totally disabled in August, 1976, and he, defendant, a child of their marriage and plaintiffs began receiving Social Security disability benefits.[4] On January 4, 1978, a stipulated court order was

---

[1] The agreement provided in pertinent part that:

"Second party will maintain and keep in effect a life insurance program in the face value of not less than $10,000.00, for the benefit of the minor children of the parties; second party shall maintain health insurance coverage for the benefit of the minor children."

[2] The decree provided that:

"The parties hereto have entered into and filed a property settlement agreement, all of the terms of which have been examined by the court; all parts of said agreement, except those parts thereof which are inconsistent with any other portion of this decree, hereby are approved and ratified and the terms thereof are incorporated herein as part hereof, except as hereinabove provided."

[3] Defendant testified that it had lapsed before the dissolution.

[4] The benefits were initially $59.30 per dependent per month. At present, they are $235.10 per dependent per month.

entered which relieved father personally from making monthly child support payments so long as payments were made by Social Security.[5]

Plaintiffs maintain that, because their father died with no insurance policy naming them as beneficiaries, he died in breach of the property settlement agreement and that they are entitled to enforce a constructive trust on life insurance proceeds in defendant's possession. *See Sinsel v. Sinsel,* 47 Or App 153, 614 P2d 115 (1980).

At oral argument, plaintiffs stated that if the life insurance provision of the property settlement agreement was intended as a form of child support rather than as a division of property, then father's support obligation was satisfied by virtue of the stipulated order, and they would not be entitled to the proceeds. However, they maintain that the insurance provision was a property division and so was not subject to modification by the trial court. Defendant argues that the insurance provision was only security for child support.

■ The parties' rights with respect to the insurance provision derive from the agreement, not from the decree. The trial court's order relieving father of his monthly child support obligation under the *decree* had no effect upon decedent's insurance support obligation under the *agreement.* Because father died with no insurance policy naming plaintiffs as beneficiaries, he died in breach of the property settlement agreement. The liability, if any, was on his estate.

■ Plaintiffs have not chosen the appropriate remedy or defendant. A constructive trust may be imposed only when the putative trustee holds property which rightfully belongs to another and is thereby unjustly enriched. 5 Scott, Law of Trusts, § 462 (3d ed 1967); Restatement of

---

[5] The order stated:

"Defendant [father] is relieved personally from making payment to plaintiff of the child support in the sum of $225.00 provided for in the Decree herein as long as payment to plaintiff of the child support benefits is made through the Social Security Administration, which payments as received shall be in satisfaction of any obligation on the part of defendant to contribute toward the support of the children of the parties."

Restitution § 160, comments c, i (1937). There is no trust property or unjust enrichment here. Although father may have been obligated to carry a life insurance policy for the benefit of plaintiffs, that he happened to carry life insurance policies for the benefit of defendant does not mean that anything she held was, or ever had been, plaintiffs' property. Unlike the situation in *Sinsel and Sinsel, supra,* father did not change beneficiaries on a specific policy from plaintiffs to defendant. In naming defendant as beneficiary on the five insurance policies, father was not giving to her any property that rightfully ever belonged to plaintiffs. That act was not part of a breach of the settlement agreement.[6]

Affirmed.

---

[6] At least part of the reason father did not designate plaintiffs as beneficiaries under any of the policies was his displeasure with their failure to visit him. However, father's reason for breaching the property settlement agreement has nothing to do with whether there is any trust property upon which to impose a constructive trust.