Argued and submitted March 17, affirmed May 24, 1995

STATE OF OREGON,
by and through its
DEPARTMENT OF TRANSPORTATION,
*Plaintiff,*

*v.*

WESTON INVESTMENT CO.,
an Oregon general partnership consisting of
Joseph E. Weston, Marilyn J. Weston
and American Property Management Corp.,
an Oregon corporation,
*Respondent,*

*and*

SEARS SAVINGS BANK,
a California corporation;
Westinghouse Credit Corporation,
a Delaware corporation;
Commercial Credit,
a Maryland corporation;
David Allen Brown,
dba Speedy Sign Crafters;
McKee Enterprises, Inc.,
an Oregon corporation,
dba Electric Castles Wunderland;
Northwest Salon Management & Supply Company,
an Oregon corporation,
dba Quality Cuts for Less;
Pietro's Corp.,
a Washington corporation,
*Defendants,*

*and*

BLAKE & ELLIS, INC.,
an Oregon corporation,
dba Salem Food 4 Less;
Fleming Foods West, Inc.,
a California corporation,
*Appellants.*

BLAKE & ELLIS, INC.,
an Oregon corporation,
dba Salem Food 4 Less;

Fleming Foods West, Inc.,
a California corporation,
*Cross Plaintiffs - Appellants,*

*v.*

WESTON INVESTMENT CO.,
an Oregon general partnership consisting of
Joseph E. Weston, Marilyn J. Weston
and American Property Management Corp.,
an Oregon corporation,
*Cross Defendant - Respondent.*

WESTON INVESTMENT CO.,
an Oregon general partnership consisting of
Joseph E. Weston, Marilyn J. Weston
and American Property Management Corp.,
an Oregon corporation,
*Cross Plaintiff - Respondent,*

*v.*

BLAKE & ELLIS, INC.,
an Oregon corporation,
dba Salem Food 4 Less;
Fleming Foods West, Inc.,
a California corporation,
*Cross Defendants - Appellants.*

(92C-10582; CA A83421)

896 P2d 3

Robert E. Glasgow argued the cause for appellants. With him on the briefs was Black Helterline.

John S. Thomas argued the cause for respondent. With him on the brief were Donald R. Stark and Williams, Fredrickson & Stark, P.C.

Before Richardson, Chief Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Fleming Foods West, Inc., (Fleming) and Blake and Ellis, Inc., (Blake)[1] appeal and assign error to certain jury instructions given by the trial court on claims of breach of lease. They also assign as error the trial court's failure to require Weston Investment Co. (Weston) to make its claim more definite and certain, ORCP 21 D, and to the apportionment of the proceeds of a condemnation settlement between the parties. We affirm.

Fleming and Blake make 12 assignments of error. Our opinion addresses only those assignments that warrant discussion. Weston is the owner of a shopping center in Salem. It leased a portion of the shopping center to Fleming, and Fleming subleased to Blake. On March 26, 1992, the state Department of Transportation (DOT) filed the complaint in this case against Weston, Fleming, Blake and others, seeking to condemn a portion of the shopping center for the Hawthorne Street project in Salem. On October 16, 1992, DOT tendered into court $4,600,001 for the condemned property and for the damages to the remaining property. DOT and Weston entered into a stipulated judgment on October 27, 1992, which provides in part:

> "the court shall retain jurisdiction to apportion the award [$4,600,001] among the defendants as their interests may appear in [supplemental] proceedings * * *."

As part of the same proceeding, Fleming and Blake filed cross-claims against Weston, alleging that Weston was in breach of its lease with them by

> "failing to perform its obligations under the Lease and interfering with and interrupting the quiet enjoyment of the premises of Fleming and Blake and Ellis, respectively, including phone, water and electrical service, by failing to maintain the common areas, by removing parking spaces, and by failing to maintain lighting in the parking lot."

Weston counterclaimed against Fleming and Blake, alleging a breach of the lease because of their failure to make lease payments. On the trial of the breach of lease claims, the jury

---

[1] Only Fleming and Blake appeal. The remaining parties, other than respondent Weston Investment Co., are not parties to the appeal.

returned its verdict in favor of Weston and against Fleming and Blake on all of the claims submitted to it.

After the trial on the breach of lease claims, the trial court began the supplemental condemnation hearing. At that hearing, it determined that Blake was entitled to $28,083.65 and that Weston was entitled to the balance of the monies tendered by DOT.

■ First, Fleming and Blake argue that the trial court erred in giving the following instruction to the jury on the breach of lease claims:

> "You're instructed that when property is condemned, the State may take possession of the property at any time after it files a condemnation case in court. After the State takes possession of property, the owner has no further right to do anything on that property."

Fleming and Blake's counsel said to the trial court:

> "We take exception to the Court's instruction that after the State takes possession of the property in a condemnation, the owner has no further * * * rights or duties with respect to the property taken."

Weston argues that Fleming and Blake failed to preserve their assignment of error, because they did not express a reason for their exception to the trial court. In *Menke v. Bruce*, 88 Or App 107, 113, 744 P2d 291 (1987), we said that we will not review an assignment of error based on an exception to a jury instruction when no reason for the exception has been given to the trial court. Here, Fleming and Blake did not explain to the trial court why they believed that the instruction was erroneous, nor are we persuaded from the record that the trial court understood the nature of the exception. We conclude that Fleming and Blake have not preserved this assignment of error.

Fleming and Blake's next assignments of error concern the trial court's apportionment of the condemnation settlement monies. The trial court ordered each claimant to file a statement of claim. In its claim, Weston said:

> "*Defendant Weston Investment Co.* (Weston) claims the entire funds of just condemnation herein. Weston is the fee owner of the property described in the complaint and the remaining adjacent property."

■ Before the condemnation hearing, Fleming and Blake filed a motion pursuant to ORCP 21 D[2] requesting that Weston make its "claim more definite and certain by listing each item of claimed compensation and the amount of such claim for each item pursuant to [Weston's] claim in the Supplemental Proceeding." The trial court denied the motion. Fleming and Blake assign that ruling as error. We conclude that the trial court did not err. As a matter of pleading, Weston was under no obligation to specify the evidence in support of its claim when its claim was for the entire award. The precise nature of Weston's claim is apparent from the language in the claim, as the rule requires.

Finally, Fleming and Blake assign error to the apportionment of the condemnation settlement. The trial court determined the value of Fleming and Blake's interest, deducted it from the condemnation award, and awarded the remainder of the proceeds to Weston. Fleming and Blake argue that the court should have first determined the value of each party's interest and then used the ratio of the interests as the formula to divide the settlement monies between the parties.

ORS 35.285 provides, in part:

"The court may distribute all or any part of the funds deposited by a condemner to the persons entitled thereto or on account of the just compensation to be awarded in the action, upon such terms and conditions as may appear just and reasonable."

In *State Highway Com. v. Burk et al.*, 200 Or 211, 265 P2d 783 (1954), the Supreme Court discussed the procedure for apportioning a condemnation award. It said:

"From the authorities cited, and as a matter of sound reasoning, we find that after the state has paid into court the

---

[2] ORCP 21 D says:

"Upon motion made by a party before responding to a pleading, or if no responsive pleading is permitted by these rules upon motion by a party within 10 days after service of the pleading, or upon the court's own initiative at any time, the court may require the pleading to be made definite and certain by amendment when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge, defense, or reply is not apparent. If the motion is granted and the order of the court is not obeyed within 10 days after service of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just."

sum awarded by the jury, the condemnation proceedings, as such, are at an end, and judgment vesting title in the state follows. But this leaves in the court a fund in which the former lessor and lessees have interests which are the equivalent in money of the interests formerly held in the land. But while the interests in the land were easily defined by reference to the leases, *the determination of the relative interests in the fund may involve the most intricate and difficult problems, for the determination of which, juries are unsuited. The interposition of equity is required.* * * *

"In addition to the above illustrations, it should be pointed out that the distribution of a condemnation award is analogous to a bill in interpleader, for the condemnor who pays the amount of the judgment into court is discharged from further liability and the land is appropriated to the use of the condemnor. Thereafter, the conflicting claims, if any, can be dealt with as in proceedings following the discharge of the plaintiff from liability by deposit into court of the contested fund in a bill of interpleader. The litigation then proceeds among the claimants to the fund. Since a bill of interpleader is an equitable proceeding, *the apportionment of a condemnation award would be similarly an equitable proceeding.*" 200 Or at 258-59. (Emphasis supplied.)

■■■ Inasmuch as the apportionment of a condemnation award is an equitable proceeding, we review *de novo* under ORS 19.125(3). The law does not require a particular method of apportionment, so long as it is "just and reasonable." At the hearing, Fleming contended that it had lost its leasehold advantage as well as the value of certain fixtures as a result of the condemnation proceeding. The evidence does not support that argument. The amount of rent specified in the lease between Fleming and Weston was not below fair market rental value. Accordingly, Fleming lost no leasehold advantage when it was evicted because of the condemnation settlement. Additionally, Fleming was able to remove some of the fixtures for which it seeks compensation. Because it continues to have the benefit of those fixtures, it is not entitled to be compensated for them from the condemnation proceeds. *Highway Comm. v. Superbilt Mfg. Co.*, 204 Or 393, 413, 281 P2d 707 (1955). As to those fixtures that remained on the condemned premises, the parties stipulated that their value was $28,083.65, the amount awarded to Blake. We discern no inequity in the trial court's apportionment. The lease

expressly contemplated that it would terminate in the event the leased premises were condemned. Fleming and Blake received the equivalent value to all that they were entitled to on termination of the lease. To adopt Fleming and Blake's proposal would result in their sharing in the value of the remaining real property, a value that was not reflected by their leasehold interests. The trial court did not err.

Affirmed.