Argued and submitted June 7, reversed and remanded with instructions
September 15, 1999

OREGON PACIFIC STATE INSURANCE COMPANY,
an Oregon nonprofit corporation,
*Plaintiff,*

*v.*

Rene JACKSON,
Conservator of
Beau M. Jackson and Cody S. Jackson,
and Donna Jackson,
*Defendant.*

Rene JACKSON,
Conservator of
Beau M. Jackson and Cody S. Jackson,
*Respondent,*

*v.*

Donna JACKSON,
*Appellant.*

(9700419 CV; CA A102118)

986 P2d 650

Gary L. Hedlund argued the cause and filed the brief for appellant.

Robert Foltyn argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Defendant Donna Jackson appeals from a judgment awarding the proceeds of an accidental death group life insurance policy to plaintiff Rene Jackson as conservator for the benefit of plaintiff's minor children.[1] The policy insured the life of defendant's son, Harley Jackson, who was formerly married to plaintiff and was the father of her children. Defendant, the named beneficiary of the policy, contends that the trial court erroneously imposed a constructive trust against the insurance proceeds to remedy Harley's breach of his obligation to provide life insurance for the benefit of the children under the judgment dissolving his marriage to plaintiff. For the reasons that follow, we reverse and remand.

Plaintiff was married to Harley from 1986 until September 1992, when a judgment dissolving their marriage was entered on stipulation. Two children, Beau and Cody, were born to their marriage. Harley also had an older child, Sam, from a prior relationship. After Harley and plaintiff were divorced, he fathered a fourth child, Tamiera.

Harley was an employee of the Klamath Tribe and was covered by a group life insurance policy issued to his employer in May 1991. The primary death benefit under the policy was $50,000. The policy also included a double indemnity provision in the event of Harley's accidental death. Plaintiff was the original beneficiary under the policy.

In July 1992, while the dissolution proceeding was pending but before the judgment was entered, Harley changed the beneficiary designation under the policy from plaintiff to defendant. Defendant testified that Harley told her that he was making the change because he wanted defendant to see that all of his children benefitted equally from the insurance. The dissolution judgment was entered on September 28, 1992. Among other provisions, the parties agreed and

---

[1] This action was commenced by Oregon Pacific States Insurance Company as an interpleader proceeding. After depositing the insurance proceeds with the court, the insurance carrier's role in the case as plaintiff ended. The true contestants are Rene Jackson, conservator for her sons, Beau and Cody, and Donna Jackson, the designated beneficiary of the insurance policy. Although the contestants' operative pleadings are cross-claims, we refer to the party with the burden of proof, Rene, as plaintiff and to Donna as defendant.

the court ordered that "[Harley] obtain and maintain a life insurance policy in the sum of not less than $50,000.00 covering his life with the children as named beneficiaries. Said life insurance to be kept in effect so long as he is required to pay child support." Harley owned no life insurance at that time other than the policy. Plaintiff's dissolution attorney testified that he understood that Harley agreed to "maintain" a life insurance policy under the judgment. Harley's attorney testified that he was not aware that the policy existed when the judgment was entered and, therefore, the judgment provided that Harley would "obtain and maintain" a policy.

Plaintiff and Harley subsequently engaged in post-judgment modification proceedings. In October 1994, Harley wrote to the court that "a $50,000 policy * * * has been in force since my employment with the Klamath Tribes and my children are the designated beneficiaries." At the conclusion of a modification proceeding in June 1995, the court ordered that "the children shall remain beneficiaries on [Harley's] [T]ribal life insurance policy."

Harley died in an automobile accident in March 1996. He had no life insurance at the time of his death other than the policy. The insurer acknowledged that Harley's accidental death triggered the policy's double indemnity provision. Because plaintiff asserted an interest in the policy on behalf of Beau and Cody, the insurer filed this action and interpleaded the proceeds for disposition by the court. Defendant claimed entitlement to the proceeds as the policy's designated beneficiary but stipulated at trial and again on appeal that she claimed the proceeds in trust for the equal benefit of each of Harley's four children. After a bench trial, the trial court held in plaintiff's favor and imposed a constructive trust against the insurance proceeds, including the double indemnity portion paid because Harley suffered an accidental death. This appeal followed.

■ Defendant concedes that Harley breached his obligation to designate Beau and Cody as beneficiaries under a life insurance policy as required by the dissolution judgment. Nevertheless, defendant advances several grounds for her contention that a constructive trust could not properly be imposed against the policy proceeds in dispute here. Because

an interpleader action to apportion insurance proceeds is an equitable proceeding, our review is *de novo. See Dept. of Transportation v. Weston Investment Co.*, 134 Or App 467, 474, 896 P2d 3 (1995) (apportionment of condemnation award reviewed *de novo*). Two of defendant's arguments are persuasive and we discuss each in turn.

■        Defendant first observes that a constructive trust may be imposed only when the defendant holds property that rightfully belongs to another and is thereby unjustly enriched. *McDonald v. McDonald*, 57 Or App 6, 9, 643 P2d 1280, *rev den* 293 Or 373 (1982). Defendant points out that the policy did not irrevocably belong to plaintiff or her children at the time the beneficiary designation was changed. Furthermore, the change in beneficiary designation occurred *before* Harley was obligated to provide life insurance coverage under the dissolution judgment. We agree with defendant that a constructive trust may not be imposed under the circumstances of this case.

The facts and holding in *McDonald* are instructive. There, as here, the decedent died in breach of his obligation to maintain life insurance coverage on behalf of his children under a dissolution judgment. The complying insurance policy he owned at the time of dissolution later lapsed. Before he died, the decedent acquired five other life insurance policies under which his second wife was the named beneficiary. After the decedent died, his children filed an action against his wife, seeking a constructive trust against one of the policies to the extent of the obligation breached by the decedent. We affirmed the trial court's judgment in favor of the defendant, concluding that the plaintiffs had not chosen the appropriate remedy or defendant:

> "There is no trust property or unjust enrichment here. Although father may have been obligated to carry a life insurance policy for the benefit of plaintiffs, that he happened to carry life insurance policies for the benefit of defendant does not mean that anything she held was, or ever had been, plaintiff's property." *Id.* at 10.

In *McDonald*, we distinguished *Sinsel v. Sinsel*, 47 Or App 153, 614 P2d 115 (1980), a case relied on by plaintiff

here. In *Sinsel*, the obligor made his second wife the sole beneficiary under his only life insurance policy. In doing so, he breached his duty to maintain life insurance for the benefit of his daughter and his former wife under a dissolution judgment. We imposed a constructive trust because the obligor changed beneficiaries on a policy *after* the policy had been identified to satisfy the requirement of the dissolution judgment.

We agree with plaintiff that Harley's representations to the court in the dissolution modification proceeding and his failure to comply with the trial court's 1995 judgment explicitly identifying the policy as the source of his obligation to Beau and Cody are testimonials to his breach of that obligation. However, because plaintiff herself—not the children—was the former beneficiary, Harley did not give defendant any property that had previously belonged to the children when he named her as beneficiary under the policy. Moreover, unlike the obligor in *Sinsel*, Harley changed the beneficiary designation *before* his court-ordered obligation to Beau and Cody arose. There was no evidence that the policy had been identified to satisfy an anticipated obligation in the dissolution proceeding when the beneficiary designation was changed. For those reasons, as in *McDonald*, the change of beneficiaries was not part of a breach of Harley's obligation to provide insurance coverage for his children.

There is a second reason why the imposition of a constructive trust was not an appropriate remedy for Harley's breach of his obligation. In order to prevail, plaintiff was required to prove that defendant had either actual or constructive notice that Harley's acts were wrongful in nature. *Sinsel*, 47 Or App at 159. Once again, the facts in *Sinsel* are distinguishable. There, the defendant was aware of the dissolution judgment's insurance requirement when the change in beneficiary designation was made and knew of no other insurance maintained to satisfy that requirement. That knowledge was sufficient to justify the imposition of a constructive trust, even though the defendant had not personally participated in any wrongful conduct. *Id*. at 158.

Here, on the other hand, there was no evidence that defendant knew, when the change in designation occurred,

that the policy was intended to fund a future obligation under a dissolution judgment between Harley and plaintiff. The evidence showed that defendant was told that the purpose of the change in designation was to treat each of Harley's children equally. However, that evidence did not support the inference that the change was intended to subvert an inchoate obligation to Beau and Cody, the two children affected by the dissolution proceeding. There was no evidence, for example, that defendant knew that Harley intended in the ensuing months to stipulate to a dissolution judgment requiring that those children be named as sole beneficiaries under the policy to the exclusion of the older child, Sam. Likewise, there was no evidence that defendant knew that Harley intended to stipulate to a judgment that might be construed to prevent her from acting as a trustee of the policy for the benefit of Beau and Cody. Assuming that Harley intended to breach his obligations under the dissolution judgment, there was no evidence that defendant knew or should have known that fact.

In summary, we conclude that, because Harley did not change the policy's beneficiary designation in violation of an obligation under the dissolution judgment and because there was no evidence that defendant knew or had reason to know that such a violation was intended, the trial court erred in imposing a constructive trust against the policy proceeds in favor of plaintiff as conservator for the benefit of her children. As did the plaintiff in *McDonald*, plaintiff has chosen the wrong remedy for Harley's failure to perform his obligation under the dissolution judgment.

Nonetheless, defendant acknowledges that she holds the policy proceeds in trust for the equal benefit of each of Harley's four children under her express oral agreement with Harley. We accept the further concession in her brief on appeal that she should be directed to establish separate equal trusts for Harley's four children. That concession is appropriate under the evidence presented. It is also consistent with defendant's answer and counterclaim, which asks the court to award ownership of the policy proceeds and to impose such further relief as seems just and equitable. *See generally Dennison v. Doreen*, 281 Or 89, 96, 573 P2d 1242 (1978).

Therefore, we remand this case to the trial court for entry of judgment declaring that defendant shall hold the policy proceeds in trust in separate and equal shares for the benefit of the four children of Harley Jackson: Sam, Beau, Cody and Tamiera, subject to the powers and duties of a trustee as provided by Oregon law. We express no opinion concerning any other remedy that plaintiff may have in her capacity as conservator for her children to redress Harley's breach of his obligation to provide life insurance naming Beau and Cody as beneficiaries, as required by the judgments in the dissolution proceeding. Because of our disposition of this case, we do not reach defendant's remaining assignment of error.

Reversed and remanded for entry of judgment declaring that defendant hold policy proceeds in trust in separate and equal shares for benefit of four children of Harley Jackson: Sam, Beau, Cody and Tamiera, subject to powers and duties of trustee as provided by Oregon law.