Argued and submitted May 14, 2008, reversed and remanded for entry of judgment in favor of defendant April 15, petition for review allowed July 29, 2009

(346 Or 589)

Heather TUPPER,
*Plaintiff-Respondent,*

*v.*

Danette ROAN,
*Defendant-Appellant.*

Danette ROAN,
*Third Party Plaintiff,*

*v.*

Alan Claude TUPPER,
as Personal Representative of
the Estate of Jerry Alan Tupper, Deceased,
*Third Party Defendant.*

Clackamas County Circuit Court
CV06100435; A136095

206 P3d 237

Michael J. Morris argued the cause for appellant. With him on the briefs were Bennett, Hartman, Morris & Kaplan, LLP. With them on the reply brief was Heidi K. Brown.

James R. Cartwright argued the cause for respondent. With him on the brief were Brooks F. Cooper and Matthew Whitman.

Before Landau, Presiding Judge, and Ortega, Judge, and Riggs, Senior Judge.

LANDAU, P. J.

**LANDAU, P. J.**

At issue in this case is the authority of a court to impose a constructive trust on a portion of the proceeds of a life insurance policy that was supposed to have been—but was not—maintained by the decedent for the benefit of his child and former wife. The former wife argues that she and the decedent agreed to the imposition of a constructive trust in the event that he breached his obligation to provide the insurance. The beneficiary of the insurance policy contends that she was not a party to that agreement and that, under Oregon law, unless there is evidence that she knew or should have known of such an agreement, there is no basis for the imposition of a constructive trust on her property. Both parties moved for summary judgment. The trial court concluded that the former wife is entitled to judgment as a matter of law and imposed a constructive trust on a portion of the life insurance proceeds paid to the beneficiary. We conclude that, because there is an issue of fact concerning whether the beneficiary knew or should have known about the decedent's obligations, the trial court erred in granting summary judgment in favor of the former wife. We also conclude that, because the former wife failed to offer evidence of each element of her claims, the trial court should have granted summary judgment dismissing those claims. We therefore reverse and remand for entry of judgment in favor of the beneficiary.

## I. FACTS

Plaintiff Heather Tupper married Jerry Tupper in 1999, and their child was born in 2002. They began divorce proceedings a year later. A stipulated dissolution judgment was entered in January 2004, granting Heather custody of the child and requiring Jerry to pay child support.[1] The judgment also provides, in a section titled "Life Insurance and Beneficiary Designations":

> "So long as either party has a legal obligation to support any child of the parties, each party shall maintain an insurance policy insuring his or her life in an amount of not less

---

[1] For clarity, in the remainder of this opinion, we use the individuals' first names.

than $100,000, naming the other parent as trustee on behalf of any supported child."

That section includes "provisions relat[ing] to procedural aspects of the requirement to maintain insurance," one of which provides:

"A constructive trust shall be imposed over the proceeds of any insurance owned by either party at the time of either party's death if either party fails to maintain insurance in said amount, or if said insurance is in force but another beneficiary is designated to receive said funds. The trustee shall make distribution as described herein."

Another provides, "During the term of the obligation to maintain insurance each party shall furnish to the other party, upon request, a copy of the policy or evidence th[at] proper life insurance is in force with the appropriate beneficiary designation in effect." At the time of the dissolution judgment, Jerry owned no life insurance policy of any kind.

Shortly after the entry of the dissolution judgment, Jerry began living with defendant Danette Roan. Together they started a business, in which Danette worked without compensation. In February 2006, Danette and Jerry each purchased a life insurance policy with a death benefit of $600,000, naming the other as sole beneficiary. Jerry died three months later.

In accordance with Jerry's beneficiary designation, Danette received $600,000 in proceeds. At his death, Jerry was still obligated to pay child support to Heather but owned no life insurance policy other than the one naming Danette as beneficiary.

Heather initiated this action against Danette. In her complaint, Heather alleged that Danette knew about Jerry's breach of the life insurance obligation in the dissolution judgment when Jerry purchased a life insurance policy and named Danette its sole beneficiary. Heather asserted a claim for unjust enrichment against Danette, requesting a constructive trust on $100,000 of the proceeds Danette had received. In the alternative, Heather asserted a claim for money had and received, requesting $100,000 in damages.

Danette answered, denying that she knew about Jerry's life insurance obligation before his death. She also asserted a third-party claim for unjust enrichment against the personal representative of Jerry's probate estate on the ground that the estate should be liable for Jerry's contractual obligations. Danette requested that the representative be compelled either to pay Heather's claim from Jerry's estate or to reimburse Danette in the event that she is required to pay Heather's claim.

The parties filed cross-motions for summary judgment. Heather's position was that, because Jerry failed to provide life insurance complying with the terms of the dissolution judgment but owned other life insurance, and because the judgment expressly provides for the imposition of a constructive trust in her favor in the event of such a breach, she is entitled to the stipulated remedy as a matter of law. In support of her motion, Heather offered her own declaration stating that Danette had told her that she had known about Jerry's obligation to provide life insurance prior to his death. Heather also provided declarations by Jerry's father and stepmother stating that Danette had told them about Jerry's $600,000 life insurance policy and that, in selecting that death benefit amount, Jerry's intent was that $100,000 would be used to establish a trust for Heather's child.

Danette, in support of her own summary judgment motion, supplied her own affidavit in which she denied knowing about Jerry's obligation to provide life insurance and denied telling Jerry's father and stepmother that part of the life insurance would be used to establish a trust for Heather's child. She further argued that a stipulation between Heather and Jerry, by itself, is insufficient to warrant the imposition of a constructive trust on what is now her property. According to Danette, to obtain a constructive trust over life insurance proceeds that belong to her, Heather must demonstrate (1) that Danette knew about Jerry's breach of his life insurance obligation and (2) that the policy naming *Danette* as beneficiary was intended to satisfy that obligation to *Heather*. Danette contended that she is entitled to judgment as a matter of law because Heather "failed to present facts sufficient to satisfy the elements of her claim."

In response to Danette's motion for summary judgment, Heather submitted an affidavit by the attorney who drafted the stipulation in the dissolution judgment that calls for the creation of a constructive trust. Several paragraphs of that affidavit consist of the attorney's explanation that he drafted the provision with the specific intention of avoiding the effect of several Oregon cases that preclude the imposition of a constructive trust on life insurance proceeds in the absence of evidence that the beneficiary knew of the obligation to provide insurance for another. Danette moved to strike the affidavit.

The court held a hearing on the parties' motions. That hearing was not recorded, however. Nor did the trial court issue a written opinion. We do have in the record an order (1) striking the paragraphs in the attorney's affidavit pertaining to his intent behind the constructive trust provision; (2) denying Danette's summary judgment motion; (3) granting Heather's summary judgment motion on her claim for unjust enrichment and declaring as moot her claim for money had and received; and (4) imposing the requested constructive trust in favor of Heather on $100,000 of Danette's proceeds. The court entered a limited judgment to that effect, and Danette appeals.

## II. ANALYSIS

On appeal, Danette assigns error (1) to the trial court's entry of summary judgment in favor of Heather on her unjust enrichment claim and (2) to the court's denial of her own summary judgment motion. "When there are cross-motions for summary judgment and the granting of one and denial of the other are both assigned as error, both are subject to review." *Farmers Ins. Exchange v. Crutchfield*, 200 Or App 146, 152-53, 113 P3d 972, *rev den*, 339 Or 609 (2005).

In the event that we conclude that the trial court erred in granting summary judgment on her unjust enrichment claim, Heather asserts an alternative basis for affirmance; she contends that she was also entitled to summary judgment on her claim for money had and received. Danette disagrees, arguing that the trial court should have granted her own summary judgment motion on both claims.

Also in the event that we reverse the trial court's entry of summary judgment in her favor, Heather cross-assigns error to the court's decision to strike testimony of the attorney who drafted the constructive trust provision in the dissolution judgment.

A. *First assignment: Entry of summary judgment for Heather*

We begin with whether the trial court properly granted Heather summary judgment on her unjust enrichment claim. The parties essentially reprise the arguments they made before the trial court: Heather maintains that she was entitled to the stipulated remedy in the dissolution judgment. Danette insists that Heather failed to demonstrate a substantive entitlement to that remedy.

1. *Imposition of a constructive trust on the unjust enrichment claim*

■ We review a court's decision on summary judgment to determine whether there is any genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. ORCP 47 C. To determine whether Heather should prevail on her unjust enrichment claim as a matter of law, we first must decide what is required to establish such a claim. Heather contends that, to prevail, she need only demonstrate the following: (1) that Jerry promised to provide life insurance designating Heather as beneficiary; (2) that Jerry stipulated to a constructive trust remedy in the event that he breached that obligation; (3) that he did, in fact, breach the obligation; and (4) that another life insurance policy owned by Jerry existed at the time of his death. Because all of those facts are undisputed, Heather asserts, the trial court correctly entered summary judgment in her favor.

Danette argues that the imposition of a constructive trust is a remedy for an underlying claim, in this case, for unjust enrichment. To prevail on an unjust enrichment claim, Danette contends, Heather must prove not merely the fact that Jerry breached his obligation to her, but also that *Danette* has been unjustly enriched. Under Oregon law, Danette argues, that means that Heather must prove that Jerry transferred to Danette property that rightfully belongs

to Heather and that Danette either knew or should have known of that wrongful conduct. Because there was no such proof, Danette asserts, the trial court erred in imposing a constructive trust in Heather's favor.

 We begin with general principles. Constructive trusts are remedies employed by courts "to avoid unjust enrichment when no other adequate remedy is available." *Brown v. Brown*, 206 Or App 239, 251, 136 P3d 745, *rev den*, 341 Or 449 (2006) (" 'A constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it.' " (Quoting *Barnes v. Eastern & Western Lbr. Co.*, 205 Or 553, 596, 287 P2d 929 (1955).)). Constructive trusts are procedural devices and are not a part of the substantive law. *Brown*, 206 Or App at 251. Accordingly, a party must "separately establish the existence of a particular species of substantive right that has been violated under circumstances that justify the imposition of an exceptional equitable remedy." *Id.* We have summarized the "elements" justifying the imposition of a constructive trust as "the existence of a confidential or fiduciary relationship, a violation of a duty imposed by that relationship, and unjust enrichment." *Id.*

In three prior cases, we have applied those principles to the question whether it is appropriate to impose a constructive trust in circumstances similar to those in this case. In one of the cases, we upheld the imposition of a constructive trust, and, in the remaining two cases, we concluded that the imposition of a constructive was not warranted. Because of the importance of those cases to our decision in this case, we describe them in some detail.

The first case is *Sinsel v. Sinsel*, 47 Or App 153, 614 P2d 115 (1980). In that case, a dissolution judgment provided that the decedent was required to continue a life insurance policy he held for the benefit of his former wife and his child, the plaintiffs. He later remarried and changed the policy's beneficiary designation to his new wife, the defendant. At that time, the defendant knew about the decedent's life insurance obligation and that his child was not designated as beneficiary on any other policy. *Id.* at 155. When the decedent

died, the proceeds of that policy were paid to the defendant as the designated beneficiary. *Id.* at 155-56. The trial court imposed a constructive trust in favor of the child and former wife on proceeds paid to the defendant after the decedent's death. *Id.* at 155. We affirmed, noting that the defendant "had actual or constructive notice" of the decedent's wrongful acts. *Id.* at 159. Because the proceeds "did not pass through the estate of the insured," we rejected the defendant's argument that any relief for the plaintiffs must come from the decedent's estate. *Id.* at 159-60.

Conversely, in the second case, *McDonald v. McDonald*, 57 Or App 6, 643 P2d 1280, *rev den*, 293 Or 373 (1982), we upheld a *refusal* to impose a constructive trust. The plaintiffs in that case were the children from the decedent's previous marriage. The property settlement agreement required the decedent to maintain a life insurance policy worth at least $10,000 for the benefit of the plaintiffs. At the time of the divorce, the decedent owned a $10,000 policy designating the plaintiffs as beneficiaries; the settlement agreement did not specifically refer to that policy, however. The policy later lapsed and was not renewed. The decedent then married the defendant and acquired five life insurance policies; the defendant was designated as beneficiary on all of them. *Id.* at 8. When he died, the decedent owned no policy designating the plaintiffs as beneficiaries, *id.* at 9, and the defendant received the proceeds on the five policies, *id.* at 8. We agreed with the trial court that a constructive trust was not appropriate because any liability for the decedent's breach of the settlement agreement fell on his estate. *Id.* at 9. We distinguished *Sinsel* on the ground that the decedent in *McDonald* did not change a beneficiary designation on a specific policy from the plaintiffs to the defendant. We stated that designating the defendant as beneficiary on the new policies "was not part of a breach of the settlement agreement" and that the decedent "was not giving to [the defendant] any property that rightfully ever belonged to [the] plaintiffs." *McDonald*, 57 Or App at 10. Whether the defendant knew about the decedent's obligation to provide life insurance was not an issue in that case.

We also concluded that a constructive trust was inappropriate in the third of the three cases, *Oregon Pacific*

*State Ins. Co. v. Jackson*, 162 Or App 654, 986 P2d 650 (1999). The decedent in that case owned a life insurance policy on which he had originally designated his former wife, the plaintiff, as beneficiary. During their divorce proceedings, the decedent changed the beneficiary designation to his mother, the defendant. The decedent told his mother that he did so because he wanted all of his children—only two of whom were children of the plaintiff—to benefit under the policy. *Id.* at 656. Shortly after that, the court entered a dissolution judgment obligating the decedent to pay child support and requiring him to obtain and maintain life insurance naming the supported children as beneficiaries. *Id.* at 656-57. After he died, the plaintiff sought to claim all of the policy's proceeds for her children. The defendant asserted her interest as the named beneficiary, although she acknowledged that, pursuant to the decedent's instructions, her interest was as trustee for all of the decedent's children. *Id.* at 657. In an interpleader action, the trial court imposed a constructive trust in the plaintiff's favor, and we reversed.

Analyzing our decisions in *Sinsel* and *McDonald*, we held that, in order for the plaintiff to prevail, she must prove both (1) that designating the defendant on a life insurance policy essentially gave the defendant property that previously had belonged to the children and (2) that the defendant either knew or should have known of the wrongfulness of the decedent's actions. *Oregon Pacific State Ins. Co.*, 162 Or App at 659-60. We concluded that the plaintiff had failed to prove either one. Regarding the first, we noted that the decedent did not transfer any property of the children because, at the time of the dissolution judgment, the children had not yet been designated the beneficiaries of any life insurance policy. We specifically noted that, because there was no evidence that the policy was ever identified to satisfy the obligation to the children, the decedent's "change of beneficiaries was not part of a breach of [his] obligation to provide insurance coverage for his children." *Id.* at 659. As to the second, we noted that "there was no evidence that [the] defendant knew or had reason to know that such a violation was intended." *Id.* at 660.

In this case, Heather contends that *Sinsel*, *McDonald*, and *Oregon Pacific State Ins. Co.* are distinguishable because none involved the decedent's express stipulation

to a constructive trust remedy in the event that he breached his obligation to provide life insurance. According to Heather, there is nothing unlawful about parties stipulating to the imposition of equitable remedies. To the contrary, she asserts, it is the policy of this state to enforce the terms of stipulated dissolution judgments to the fullest extent possible.

Danette responds that, although parties may agree *among themselves* as to the imposition of equitable remedies, such agreements cannot bind persons who are not parties to the agreement and cannot result in the deprivation of property that they lawfully acquired. According to Danette, under *Oregon Pacific State Ins. Co.*, to impose the equitable remedy of a constructive trust on her life insurance proceeds requires that Heather prove her unjust enrichment claim as to her— that is, Heather must prove that Danette has been unjustly enriched. That means, she contends, that Heather must establish (1) that, in designating Danette as the sole beneficiary of the $600,000 policy, Jerry gave away property that previously had belonged to Heather and (2) that Danette either knew or should have known that Jerry did so.

We agree with Danette. *Oregon Pacific State Ins. Co.* is materially indistinguishable from this case. The fact that Heather and Jerry included a stipulation in the dissolution judgment concerning the imposition of a constructive trust (apparently, for the express purpose of circumventing *Oregon Pacific State Ins. Co.*) is of no moment. Although it may be true that, as a general proposition, Oregon law favors stipulations in dissolution judgments, *see* ORS 107.104(1)(b) (providing that such stipulations should be enforced "to the fullest extent possible, except when to do so would violate the law or would clearly contravene public policy"), Heather does not explain—and we do not understand—how such stipulations lawfully may bind third parties who are not signators to the dissolution judgment, at least without evidence that the third parties themselves acted in ways that make the enforcement of the stipulation equitable. That is precisely the point of *Oregon Pacific State Ins. Co.*, *viz.*, to impose a constructive trust on property held by a third party, it must be shown that the third party has been unjustly enriched, that is, that the third party acquired property properly belonging

to another and that the third party knew or should have known that the property properly belongs to another.

Heather insists that, in at least one case, we held that the third party's lack of knowledge of the decedent's wrongful conduct is not an impediment to the imposition of a constructive trust. Citing *Brown*, 206 Or App 239, she contends that it is sufficient for her to establish that Jerry "died in breach" of his obligation under the dissolution judgment.

We find no support for Heather's reading of *Brown*, however. To begin with, *Brown* plainly required proof of unjust enrichment, which, as we held in *Oregon Pacific State Ins. Co.*, requires proof of such knowledge. Nothing in *Brown* suggests that *Oregon Pacific State Ins. Co.* was wrongly decided. Apart from that, in *Brown*, we *declined* to impose a constructive trust against the personal representative of the estate of the decedent who the petitioners contended breached the terms of a dissolution judgment because of a failure of proof that there was a breach in the first place. 206 Or App at 258. We turn, then, to whether the record in this case demonstrates that Heather established, as a matter of law, that the insurance proceeds properly belonged to Heather and that Danette either knew or should have known as much.

We begin with Danette's knowledge, because it is dispositive. It is clear from the summary judgment record that whether Danette knew or should have known about Jerry's obligation to provide life insurance for Heather is in dispute. In support of her summary judgment motion, Heather provided her own declaration recounting a statement that Danette made about knowing about the obligation. In her own affidavit, Danette denied that she had ever made such a statement. There is no basis for determining, at the summary judgment stage, whether one party or the other is telling the truth. Further, Heather makes no argument that, whether or not Danette in fact knew of the obligation, she should have known of it. Because, under *Oregon Pacific State Ins. Co.*, proof that Danette either knew or should have known of the obligation is essential to Heather's unjust enrichment claim, it necessarily follows that the genuine issue of material fact about that requirement is fatal to the

trial court's decision to grant summary judgment in Heather's favor.

2. *Alternative basis for affirmance: Money had and received*

■■ Under certain circumstances, we may affirm a ruling of the trial court on an alternative basis. *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001). In this case, Heather argues that she was also entitled to judgment as a matter of law on her claim for money had and received. Although the claim is an action at law, "[r]ecovery on a theory of money had and received is based on a promise implied by law and on the equitable principle that *one who has been unjustly enriched* at the expense of another is required to make restitution." *C. A. M. Concepts, Inc. v. Gwyn*, 206 Or App 122, 128, 136 P3d 60 (2006) (emphasis added).

For the reasons discussed regarding Heather's unjust enrichment claim, it would be inequitable for the court to impose a constructive trust if Danette did not know, or have any reason to know, about Jerry's obligation. As we have concluded, that fact is disputed on the summary judgment record. Accordingly, the trial court could not have properly granted Heather summary judgment on her money had and received claim. We reject her asserted alternative basis for affirmance without further discussion.

B. *Second assignment: Denial of Danette's summary judgment motion*

Danette's motion for summary judgment related to both Heather's unjust enrichment claim and her claim for money had and received. Danette contends that, if we reverse the trial court's entry of summary judgment in favor of Heather on her unjust enrichment claim, it necessarily follows that Danette should have been granted summary judgment on that claim. Danette contends that she should have been granted summary judgment on Heather's claim for money had and received, as well.

It does not necessarily follow from our conclusion that the court erred in granting summary judgment in favor of Heather on her unjust enrichment claim—and that it could

not have properly granted her summary judgment on her claim for money had and received—that the court erred in denying Danette's summary judgment motion on those claims. Instead, we must determine on the basis of the summary judgment record whether Danette is entitled to judgment as a matter of law. ORCP 47 C.

 1. *Unjust enrichment claim*

In order for Danette to prevail as a matter of law against Heather's claim for unjust enrichment, she must demonstrate that Heather failed to offer admissible evidence on at least one of the elements of the claim. *Davis v. County of Clackamas*, 205 Or App 387, 394, 134 P3d 1090, *rev den*, 341 Or 244 (2006). As we have noted, under *Oregon Pacific State Ins. Co.*, to prevail on her unjust enrichment claim, Heather must prove that Jerry, in designating Danette the beneficiary of his life insurance policy, gave Danette property that belonged to Heather and that Danette knew or should have known of his wrongful conduct.

■ We have already determined that the evidence creates at least a genuine issue of material fact as to whether Danette knew about any wrongful conduct of Jerry's. So the question becomes whether Heather failed to offer admissible evidence that Jerry gave Danette property that belonged to Heather.

Heather contends that she did offer such evidence. Indeed, she contends that it is undisputed that Jerry breached his obligations under the dissolution judgment to obtain life insurance for her.

The problem with that argument, however, is that it misses the point. The question is not whether Jerry breached the dissolution judgment. Rather, the issue is more narrow—it is whether any breach that he committed consisted of giving property to Danette that belonged to Heather. On that point, our opinions in *Sinsel* and *McDonald* are instructive.

As we have noted, in *Sinsel*, the decedent was obligated to maintain an insurance policy for the benefit of his child. At the time of the dissolution, he had such a policy. But, some time later, he *changed the policy's beneficiary designation* to his new wife. We concluded that the imposition of a

constructive trust was appropriate because the decedent had transferred property to the new wife that originally belonged to the child.

Again as we have noted, in *McDonald*, the decedent also was obligated under the terms of a dissolution judgment to provide life insurance for his children, the plaintiffs. At the time of the settlement agreement, he had a policy that complied with that obligation. But some time later, he allowed the policy to lapse. In the meantime, he remarried and acquired *new policies*, each of which designated his new wife, the defendant, as beneficiary, and none of which designated the children. When he died, the children requested the imposition of a constructive trust on the proceeds of those life insurance policies. We concluded that the remedy of the imposition of a constructive trust was not appropriate because there was no evidence that the decedent had transferred any property that had belonged to the children:

> "A constructive trust may be imposed only when the putative trustee holds property which rightfully belongs to another and is thereby unjustly enriched. There is no trust property or unjust enrichment here. *Although father may have been obligated to carry a life insurance policy for the benefit of plaintiffs, that he happened to carry life insurance policies for the benefit of defendant does not mean that anything she held was, or ever had been, plaintiffs' property.*"

57 Or App at 9-10 (internal citations omitted; emphasis added). We expressly distinguished *Sinsel* on the ground that, in *Sinsel*, the decedent had changed beneficiaries on an existing policy, as opposed to purchasing an entirely new policy in which the plaintiffs never had an interest:

> "Unlike the situation in *Sinsel* * * *, father did not change beneficiaries on a specific policy from plaintiffs to defendant. In naming defendant as beneficiary on the five insurance policies, father was not giving to her any property that rightfully ever belonged to plaintiffs."

*McDonald*, 57 Or App at 10.

This case is directly controlled by *McDonald* and, for the reasons set out in *McDonald*, is distinguishable from *Sinsel*. As was the decedent in *McDonald*, in this case, Jerry was obligated under a dissolution judgment to maintain

insurance for another person, Heather. Like the decedent in *McDonald*, in this case, Jerry did not do so. As did the decedent in *McDonald*, in this case, Jerry acquired a *new* policy and designated someone else as the beneficiary, Danette. And, as in *McDonald*, in this case, although that may have constituted a breach of the dissolution judgment, it did not involve the transfer of any property to Danette that originally belonged to Heather.

In short, Heather failed to offer any evidence that, when Jerry designated Danette as the beneficiary on his life insurance policy, he gave her property that belonged to Heather. Consequently, the trial court erred in failing to grant Danette's motion for summary judgment on the unjust enrichment claim.

### 2. *Money had and received claim*

■ There remains the question whether the trial court also should have granted Danette's summary judgment motion against Heather's claim for money had and received. As we have stated, the gist of a claim for money had and received is an implied promise based on the equitable principle that one should not be unjustly enriched at the expense of another. *C. A. M. Concepts, Inc.*, 206 Or App at 128. As the Supreme Court explained in *Powell et al. v. Sheets et al.*, 196 Or 682, 700, 251 P2d 108 (1952), the action may be maintained "whenever one has money in his hands belonging to another, which in equity and good conscience, he ought to pay over to that other." (Internal quotation marks omitted.)

To maintain her claim for money had and received, therefore, Heather would be required to prove, at a minimum, that the proceeds of Jerry's life insurance policy are, or originally were, *her* property. Under the case law that we just described, *see McDonald*, 57 Or App at 10, however, it is beyond contest that Heather never had an interest in the policy that Jerry acquired after the dissolution. It necessarily follows that she failed to establish an element of her claim for money had and received and that, as a result, the trial court erred in failing to grant Danette's motion for summary judgment on that claim.

## C. *Cross-assignment: Danette's motion to strike*

Because we are reversing on appeal, we must also consider Heather's cross-assignment of error relating to the trial court's decision to strike testimony of the attorney who drafted the stipulated dissolution judgment relating to the purpose of the constructive trust provision. She contends that the ruling was erroneous because the testimony was relevant and admissible.

The parties do not dispute the purpose behind including the constructive trust provision in the dissolution judgment. Their dispute centers on the effect of that provision, not on its meaning. Evidence regarding the drafter's intent is, thus, irrelevant. Accordingly, the trial court did not err in granting Danette's motion to strike.

Reversed and remanded for entry of judgment in favor of defendant.